IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LONNIE PARTOUT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 04-467-S-LMB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERNEST BREWER and RON HARPER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court are Defendant Ernest Brewer's Motion for Attorney Fees (Docket No. 84) and Motion for Bill of Costs (Docket No. 86), Defendant Ron Harper's Motion for Attorney Fees (Docket No. 91) and Amended Bill of Costs (Docket No. 106), and Plaintiff's *pro se* Motion for Dismissal (Docket No. 109).  In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motions would not be significantly aided by oral argument, the Court will address and resolve the motions without a hearing.  Having carefully reviewed the record and otherwise being finally advised, the Court enters the following Order.

Order-1-

# I.

## BACKGROUND

The present action arouse out of Plaintiff Lonnie Partout's ("Plaintiff") purchase of a home in Council, Idaho from Defendant Ernest Brewer.  *Pl.'s Aff.*, ¶ 6 (Docket No. 33). Defendant Ron Harper appraised the home.  *Harper Aff.*, p.2 (Docket No. 20).  After Plaintiff purchased the home, he discovered various problems and, on September 14, 2004, he filed a Complaint with this Court alleging three state law causes of action.  *Complaint* (Docket No. 1). Defendants each filed answers to the Complaint.  (Docket Nos. 4, 6, 23).  Additionally, Defendant Harper filed two motions for summary judgment—first on January 3, 2005 and again on April 12,2005—seeking dismissal of Plaintiff's claims on the grounds that Harper owed no duty to Plaintiff, no contractual relationship existed between Harper and Plaintiff, Plaintiff's claims were barred by the statute of limitations, and the economic loss rule precluded recovery. *Harper's Mem. on Second Mot.*, pp. 1-2 (Docket No. 44).  Both Defendants then filed motions to dismiss for lack of subject matter jurisdiction, and Defendant Brewer later filed a motion for partial summary judgment.  (Docket Nos. 47, 54, 73).

On July 1, 2005, the Court entered an Order dismissing the case for lack of subject matter jurisdiction and, therefore, did not address the merits of Defendants' motions for summary judgment.  (Docket No. 82).  Specifically, the Court determined that Plaintiff's Complaint did not implicate any federal law and, thus, no federal question jurisdiction existed.  *Id.* Additionally, the Court determined that exercising diversity jurisdiction was not appropriate because Plaintiff did not meet either the diverse party or the amount in controversy requirement. *Id.*  Plaintiff requested that the Court alter or amend this Order, and both Defendants requested an

award of costs and attorneys fees.  (Docket Nos. 84, 91, 97).  On November 30, 2005, the Court

denied Plaintiff's Motion to Alter or Amend Judgment and ordered supplemental briefing on

Defendants' requests for attorneys' fees and costs.  *Order* (Docket No. 103).  The Court has now

received Defendants' supplemental briefs and will consider the attorneys' fees and cost requests.

Additionally, the Court will address the *pro se* "Motion by Plaintiff for Dismissal of

Defendants['] Request for [Their] Attorneys [Fees]."  (Docket No. 109).

## II.

### DISCUSSION

**A.      Plaintiff's *Pro Se* Filing**

As a preliminary matter, the Court will discuss the *pro se* "Motion by Plaintiff for

Dismissal of Defendants['] Request for [Their] Attorneys [Fees]."  (Docket No. 109).  First, the

Court notes that Lary C. Walker remains as counsel of record for Plaintiff.  Pursuant to Local

Rule 83.6(c), an attorney continues to represent his client until he has requested—and the Court

has granted—withdrawal.  Moreover, "[w]henever a party has appeared through an attorney, the

party may not thereafter appear or act in his . . . own behalf in the case or take any step therein

unless an order of substitution must first have been made by the Court."  D. Idaho L. Civ. R.

83.6(a).  On this basis alone, the Court cannot consider Plaintiff's *pro se* Motion.

Additionally, however, Plaintiff's Motion does not provide any argument or authority

explaining why the Court could or should dismiss Defendants' attorneys' fees requests.  *See* D.

Idaho L. Civ. R. 7.1(b)(1) (requiring motions to be supported by briefs "containing all of the

reasons and points and authorities relied upon").  Further, this Court cannot provide the

alternative relief requested by Plaintiff—to add Defendants Brewer and Harper as defendants in

Order-3-

Plaintiff's state court case—because the Court does not have authority or jurisdiction to take any action in the state court case.  For all these reasons, the Court denies Plaintiff's Motion for Dismissal.

### B.    Requests for Costs

Both Defendants have requested that they be reimbursed for costs incurred in defending this action.  *Def. Brewer's Pet. For Costs* (Docket No. 86); *Def. Harper's Mem. in Support of Pet'n*, p. 9 (Docket No. 95); *Def. Brewer's Supp. Br.* (Docket No. 107); *Def. Harper's Supp. Br.* (Docket No. 104).  Costs may not be awarded under Rule 54(d) "where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)."  *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003).  Instead, the award of costs is governed by 28 U.S.C. § 1919.  *Id.* at 988 n.2. Section 1919 provides that "[w]henever any action or suit is dismissed . . . for want of jurisdiction, [the] court may order the payment of just costs."

Defendant Brewer requests $1,194.81 for costs associated with the deposition of Lonnie Partout.  *Def. Brewer's Pet. For Costs*, p.1 (Docket No. 86).  Defendant Harper requests $611.09 for the cost or obtaining a transcript from the Partout deposition and $160.86 for the cost of obtaining a transcript of Roger Ritter's deposition.  *Amended Bill of Costs* (Docket No. 106); *Lopez Aff.*, p. 2 (Docket No. 105).  When considering what costs should be included as "just costs" under 28 U.S.C. § 1919, many courts have looked to 28 U.S.C. § 1920 for guidance.  *See, e.g., Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005)*; Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).  Section 1920 allows recovery for "[f]ees of the court reporter for all or any part of the stenographic transcript *necessarily obtained*

Order-4-

for use in the case." (Emphasis added).  Defendant Brewer explains that it was necessary to take Plaintiff Partout's deposition in this case to obtain information used to support his motions to dismiss and for summary judgment.  *Def. Brewer's Supp. Br.*, p. 3 (Docket No. 107).  The Court agrees that Plaintiff's deposition provided information to support Defendants' lack of jurisdiction arguments, particularly concerning the amount in controversy requirement for diversity jurisdiction.  For this reason, the Court will award both Defendants the costs associated with this deposition.  Defendant Harper, however, has not explained or demonstrated why the Ritter transcript was necessary or why it should be awarded as a "just cost."  Accordingly, the Court declines to award Defendant Harper $160.86 for the cost of obtaining the Ritter transcript.

C.    **Attorneys' Fees**

As a general rule, litigants "are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise."  *Carbonell v. I.N.S.*, 429 F.3d 894, 897-98 (9th Cir. 2005).  Defendants both request that the Court award attorneys' fees pursuant to Idaho state law, and Defendant Brewer requests attorneys' fees under his contract with Plaintiff. (Docket Nos. 84, 90, 107).  Two of the Idaho statutes cited as a basis for attorneys' fees allow for an award of attorneys' fees only to "prevailing parties."  Idaho Code § 12-120(3) (providing that the "prevailing party" in certain commercial transactions "shall be allowed a reasonable attorney's fee"); Idaho Code § 12-121 (allowing courts to award "reasonable attorney's fees to the prevailing party or parties" if the case was brought, pursued or defended frivolously, unreasonably, or with out foundation).  The contract cited by Defendant Brewer as a basis for recovery of his attorneys' fees provides a similar "prevailing party" restriction.  *Nielson Aff.*, Ex.

Order-5-

2 ¶ 14 (Docket No. 85) (stating that "the *prevailing party* shall be entitled to recover from the non-prevailing party reasonable costs and attorney's fees") (emphasis added).

As explained above, a dismissal based on lack of subject matter jurisdiction does not make the dismissed party a "prevailing party." *Miles*, 320 F.3d at 988; *see also Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995) (deciding, in the context of an attorney fees request under 42 U.S.C. § 1988, that a defendant is not a prevailing party when dismissal is based on lack of jurisdiction); *Idea Place*, 390 F. Supp. 2d at 904.  Moreover, his Court lacks jurisdiction to award attorneys' fees under state law because no diversity exists.  *See, e.g., LeVake v. Zawistowski*, No. 02-C-0657-C, 2004 WL 602649, at *2 (W.D. Wis. March 12, 2004).  For these reasons, the Court will not award attorneys' fees based on an Idaho statute, the contract, or any other authority restricting the award of attorneys' fees to prevailing parties.[1]

Defendant Brewer also requests that he recover attorneys' fees because of extraordinary circumstances.  Several courts have held that an award of "just costs" under section 1919 does not include attorneys' fees.  *See, e.g., Idea Place*, 390 F. Supp. 2d at 905; *Bollig v. Christian Cmty. Homes & Servs.*, No. 02-C-532-C, 2003 WL 23211142, at * 3 (W.D. Wis. Oct. 27, 2003); *Healthsouth Corp. v. Windham*, No. 3:00CV026-B-A, 2000 WL 1154061, at *1 n.2 (N.D. Miss.

---

[1]  The Court also notes that Plaintiff has filed a complaint in state court, apparently raising claims similar to those brought in the present action.  *See* Docket No. 109 (referencing Case No. CV 2005-1739 filed in the Third Judicial District of the State of Idaho).  If the state court considers Plaintiff's claims on the merits, the determination of who is the prevailing party under the contract and on the claims raised here will be decided by that court.  It would be inconsistent for this Court now to make the prevailing party determination when the state court may have jurisdiction to decide this matter later on the merits.  *See, e.g., Idea Place*, 390 F. Supp. 2d at 905 (explaining that the dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that the plaintiff could pursue its contract claims in state court and, as a result, it remained to be seen which entity is the "prevailing party" on the contract action).

Order-6-

June 14, 2000).  However, in cases where section 1919 applies, some courts have stated that fees may be awarded in extraordinary circumstances.  *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981).  Extraordinary circumstances may exist if there has been fraud or trickery upon the court or a party, *see e.g., Hylte Breks Aktiebolag v. Babcock & Wilcox Co.*, 305 F. Supp. 803, 810 (S.D. N.Y. 1969), or where a party has acted in bad faith, vexatiously, or for oppressive reasons, *Wilkinson*, 655 F.2d at 49.

Defendant Brewer argues that extraordinary circumstances exist here because he has "suffered a hardship and financial burden as a result of the unjustified litigation brought by Plaintiff in the federal courts."  *Def. Brewer's Supp. Br.*, p. 5 (Docket No. 107).  Even though financial hardship has been cited by courts as an extraordinary circumstance that may justify an award of attorneys' fees, *Signorile v. Quaker Oats Co.*, 499 F.2d 142, 145 (7th Cir. 1974), the Court concludes that something more than just a financial burden must exist for extraordinary circumstances to arise.  Almost every defendant must pay for the services of an attorney to assist in obtaining dismissal of a case brought in a court lacking jurisdiction.  Thus, if financial burden alone were enough to justify an award of fees, then it would be appropriate in every case dismissed for lack of jurisdiction to award fees to the party obtaining dismissal and the circumstances would no longer be "extraordinary."

Here, Defendant Brewer argues that he suffered a financial burden because Plaintiff "moved forward, giving rise to the need for Defendant Brewer to continue his defense with the corresponding fee expense."  *Def. Brewer's Supp. Br.*, p. 5 (Docket No. 107).  He requests that the Court award fees as a "sanction" for Plaintiff continuing this action "even though it became apparent through discovery" that he could not meet the jurisdictional requirements.  *Id*.

Order-7-

Defendant Brewer goes on to note that the "deficiencies were clearly known by the Plaintiff prior to the inception of litigation." *Id*. at 6.

The Court notes, however, that *all* of the parties, and not just the Plaintiff, moved forward without considering whether the necessary jurisdictional requirements had been met. Defendant Harper's January 3, 2005 Affidavit indicated that he resided in Cascade, Idaho, thereby providing notice that the required diversity may not exist. *Harper Aff*. (Docket No. 20, Att. 4). Despite this Affidavit, it was not until three and one-half months later—and after Defendant Harper had filed two motions for summary judgment and motion to dismiss for lack of jurisdiction—that Defendant Brewer moved to dismiss the case for lack of jurisdiction. *Def. Brewer's Mot. to Dismiss* (Docket No. 54). Even then, Defendants did not focus on the lack of diversity, but rather pointed to evidence demonstrating that Plaintiff had not met the requisite amount in controversy. Additionally, Defendant Brewer later filed a partial motion for summary judgment, expending more resources when it appeared the court may lack jurisdiction to consider any of the substantive issues on the merits. *Mot. for Partial Summ. Judgment* (Docket No. 73).

In a similar case, where all of the parties had overlooked the jurisdictional defect, a Mississippi district court refused to award attorney fees under any theory, including the extraordinary circumstances exception. *See Healthsouth*, 2000 WL 1154061, at **2-3 (seeking attorneys' fees under state law, 28 U.S.C. 1919, and "the court's inherent equitable authority"); *see also Signorile*, 499 F.2d 142 (declining to award plaintiffs attorneys' fees for prosecution of a diversity action even though substantial discovery had taken place in the ten months it took for the defendant to recognize that it could defeat diversity jurisdiction). The Court concludes that, even though Defendants have expended financial resources in this case, the expense alone is not

Order-8-

sufficient to warrant an attorneys' fees award.  Accordingly, the Court denies Defendants'

requests for attorneys' fees.

## III.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.       Plaintiff's *pro se* "Motion for Dismissal of Defendants['] Request for [Their]

Attorneys [Fees]" (Docket No. 109) is DENIED.

2.       Defendant Ernest Brewer's Motion for Attorney Fees (Docket No. 84) is

DENIED.

3.       Defendant Ernest Brewer's Motion for Bill of Costs (Docket No. 86) is

GRANTED.  The Court awards Defendant Brewer $1,194.81 for costs associated with the

deposition of Lonnie Partout.

4.       Defendant Ron Harper's Motion for Attorney Fees (Docket No. 91) is DENIED.

5.       Defendant Ron Harper's Amended Bill of Costs (Docket No. 106) is GRANTED,

in part, and DENIED, in part. The Court awards Defendant Harper $611.09 in costs to obtain a

transcript from Lonnie Partout's deposition, but denies his request for $160.86 for the Ritter

transcript.

DATED:  **January 4, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

Order-9-